FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:16cr1-001/MCR - TRENTON S. SOMMERVILLE

Page 1 of 10

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

-vs-

**TRENTON S. SOMMERVILLE**

Case # 3:16cr1-001/MCR

USM # 24801-017

**Defendant's Attorneys:**
Sergio E. Acosta (Retained)
and Brian Richard Zeeck (Retained)
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081

## AMENDED JUDGMENT IN A CRIMINAL CASE[1]

**Date of Original Judgment:** July 5, 2016
**Reason for Amendment:** Modification of Restitution Order (18 U.S.C. § 3664)

The defendant pled guilty to Counts One and Two of the Information on January 21, 2016. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such counts which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | December 31, 2014 | One |
| 26 U.S.C. § 7201 | Tax Evasion | May 7, 2012 | Two |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

---

[1] Pursuant to the court's Order, ECF No. 49, the Clerk is directed to enter an Amended Judgment that orders restitution in the amount of $2,379,240, payable to the victims identified on Page 14 of that Order and to victims identified on page 6 of the court's Order, ECF No. 45, in the amounts there shown.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 2 of 10*
*3:16cr1-001/MCR - TRENTON S. SOMMERVILLE*

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
June 24, 2016

*M. Casey Rodgers*
M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE

Date Signed: November 21st, 2016

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*3:16cr1-001/MCR - TRENTON S. SOMMERVILLE*

*Page 3 of 10*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **51 months as to Counts One and Two, with said terms to run concurrently, one with the other.**

The court strongly recommends to the Bureau of Prisons that the defendant be designated to the Federal Prison Camp in Pensacola, Florida, or the Maxwell Federal Prison Camp, Montgomery, Alabama, so that he may receive visitation from his family, and also so that he can return here for a restitution hearing, which will be scheduled within 90 days.

The court identifies the defendant as a person in need of a focused, intensive substance abuse treatment program, both during incarceration and on reentry through a residential reentry center.

The court recommends the defendant's placement into the BOP's Residential Drug Abuse Program. Additionally, while awaiting placement into RDAP, or, if deemed ineligible for RDAP due to the time of sentence, or for any other reason, the court orders the defendant to complete Drug Education classes and fully participate in the BOP's nonresidential drug abuse treatment program. The court further recommends that the defendant participate in any cognitive behavioral therapy programming available.

The defendant shall surrender to either the United States Marshal for this district or to the institution designated by the Bureau of Prisons by 12:00 noon on August 22, 2016.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By:_____
Deputy U.S. Marshal

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*          *Page 4 of 10*
*3:16cr1-001/MCR - TRENTON S. SOMMERVILLE*

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to Counts One and Two, with said terms to run concurrently, one with the other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall provide the probation officer with access to any requested financial information and report the source and amount of personal income and financial assets to the supervising probation officer as directed.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless he has satisfied his restitution obligation.

3. The defendant shall not transfer or dispose of any asset, or his interest in any asset, without the prior approval of the probation officer unless he has satisfied his restitution obligation.

4. The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.

5. The defendant shall be evaluated for substance abuse, and referred to treatment as determined necessary through an evaluation process.

6. The defendant shall submit his person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 6 of 10*
*3:16cr1-001/MCR - TRENTON S. SOMMERVILLE*

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____    _____
Defendant                          Date

_____    _____
U.S. Probation Officer/Designated Witness    Date

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| **Special Monetary Assessment** | **Fine** | **Restitution** |
|---|---|---|
| $200.00 | Waived | $2,379,240.00 |

### SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$200.00** is imposed.

### FINE

No fine imposed.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 8 of 10*
*3:16cr1-001/MCR - TRENTON S. SOMMERVILLE*

# RESTITUTION

Restitution in the amount of **$2,379,240.00** is imposed.

The defendant shall make restitution to the following victims in the amounts listed below.

| **Name of Payee** (addresses maintained confidentially) | **Amount of Restitution Ordered** |
|---|---|
| Bruce Ai | $100,000.00 |
| Simoneaux Jude Alexander | $3,000.00 |
| Randy Brown | $50,000.00 |
| Guiseppe Consarino | $110,000.00 |
| Adam Cromwell | $108,000.00 |
| George and Vauna Cromwell | $30,000.00 |
| Richard Doyle | $10,000.00 |
| Mark C. Foster | $112,500.00 |
| Eric Gravatt | $20,000.00 |
| Shelly Harrington | $30,000.00 |
| Dinesh Hebbar | $38,000.00 |
| Terry Ryan Jamison | $10,000.00 |
| Vicki Johnson | $7,500.00 |
| Jijo John | $18,000.00 |
| Karen Kiewatt | $12,500.00 |
| Kip Langei | $38,000.00 |
| Wayne A. LeBlang | $87,000.00 |
| Gregory Lehn | $50,000.00 |
| Andrew Oxendine | $15,000.00 |
| Norman Patt | $404,740.00 |
| Jason Payne | $10,000.00 |
| Ty Pennington | $1,000,000.00 |

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
*3:16cr1-001/MCR - TRENTON S. SOMMERVILLE*           *Page 9 of 10*

| **Name of Payee** *(addresses maintained confidentially)* | **Amount of Restitution Ordered** |
|---|---|
| William Perry | $55,000.00 |
| Nancy Rogers-Stegner | $5,000.00 |
| Steve Sinn | $12,500.00 |
| George Tombe | $7,500.00 |
| Guy Useldinger | $35,000.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise. If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

Should any of the property which is the basis for the listed restitution amount(s) be recovered, said restitution amount(s) should be reduced accordingly as verified by the government.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
*3:16cr1-001/MCR - TRENTON S. SOMMERVILLE*                                                                                     *Page 10 of 10*

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; and (7) penalties in full immediately.

**Breakdown of fine and other criminal penalties is as follows:**

**Fine: Waived   SMA: $200.00   Restitution: $2,379,240.00   Cost of Prosecution: None**

**The $200.00 monetary assessment shall be paid immediately.** Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program.: The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.